UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
CHARLENE MARSH and ZML, a minor,
by her mother Charlene Marsh,

                                        Plaintiffs,              1:05-CV-1263
                                                                 (GLS)(RFT)

                v.

ALBANY COUNTY DISTRICT ATTORNEY'S OFFICE; DAVID
SOARES, District Attorney; BILL ANDREWS, Assistant District
Attorney; TIFFANY RUDNICK, Assistant District Attorney;
ALBANY COUNTY PROBATION, *et al.*,

                                        Defendants.
_____

APPEARANCES:

CHARLENE MARSH
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

**DECISION and ORDER**

**I.  Introduction**

        The Clerk has sent to the Court for review a civil rights complaint pursuant to 42

U.S.C. § 1983 filed by *pro se* plaintiff Charlene Marsh.  Dkt. No. 1.  Marsh has also filed

an application to proceed *in forma pauperis*.  Dkt. No. 3.[1]

        Marsh seeks to bring this action on her own behalf and on behalf of her daughter,

identified in the pleadings by the initials "ZML."[2]  According to Marsh, ZML has been

improperly confined at the Albany County Jail since approximately May, 2005 on a

_____

        [1]  A request from plaintiff to seal certain exhibits filed in support of the complaint
which contain personal information regarding plaintiff's daughter was granted.  Dkt. No. 2.
By Decision and Order filed October 11, 2005, plaintiff's request for an order to show
cause was denied.  Dkt. No. 6.

        [2]  The complaint is signed only by Marsh.

probation violation.  Marsh further states that ZML has a history of mental illness and has been deemed eligible for special educational services since the age of twelve.  ZML is now nineteen years old.  Marsh claims that the criminal justice system in Albany County failed to take ZML's mental health into account in determining criminal charges against her in July, 2003.  Marsh further claims that defendants have failed to provide ZML with the mental health and educational services to which she is entitled during her incarceration, and asserts claims additional relating to the conditions of ZML's confinement at Albany County Jail.  Named as defendants in this action are the Albany County District Attorneys Office, Albany County Probation Department, Albany County Public Defenders Office, New York State Supreme Court, Albany County Jail and the Albany County School District, along with nineteen individuals employed by those entities.  The complaint seeks an award of damages and also seeks to have the state criminal charges against ZML dropped.[3]  For a complete statement of the claims asserted, reference is made to the complaint.

## II.  Discussion

Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to

---

[3] This latter request is beyond the power of this court.

determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee).

In this case, where Marsh seeks to proceed *in forma pauperis*, the Court must also assess the sufficiency of the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2)  [S]hall dismiss the case at any time if the Court determines that -
>
> ***
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*. *Id.*

In this case, the Court has considered whether the complaint states a claim for relief against the named defendants which may be brought by Marsh in federal court, and concludes that it does not.

**A.    The plaintiff**

As noted, the complaint is signed only by Marsh. While Marsh claims that she has suffered as a result of the alleged violations of ZML's civil and constitutional rights, the Court is not able to discern any viable claims which accrue to Charlene Marsh herself. Rather, the claims asserted in the complaint belong to ZML. Accordingly, the

3

Court finds that the complaint fails to state a claim upon which relief may be granted to Marsh.[4]

The Court has also considered whether Marsh may maintain this action on behalf of ZML, and concludes that she may not.  Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of an individual to sue or be sued is to be determined by the law of the individual's domicile.  Subsection (c) of Rule 17 provides that a duly appointed representative of an infant or incompetent person may sue or defend on behalf of that person.  Fed. R. Civ. P. 17; *see* N.Y.C.P.L.R. § 1201 (infant or incompetent person shall appear through duly authorized representative).  At age nineteen, however, ZML is no longer an infant under New York law and must appear in her own right or through counsel.  *See* N.Y.C.P.L.R. § 105(j) ("infant" means a person under the age of eighteen).[5]  There is also no showing in the record that ZML is incompetent to sue or defend in her own right, or that Marsh is her legal representative.

Moreover, even if it were to appear that ZML lacks capacity to bring this action in her own right, Marsh may not maintain this action *pro se* on behalf of ZML.  Although litigants in federal court have a statutory right to choose to act as their own counsel, *see* 28 U.S.C. § 1654, "an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." *Machadio v. Apfel*, 276 F.3d 103, 106 (2d

---

[4]  The *in forma pauperis* application filed by Marsh is therefore denied as moot.

[5]  The fact that Marsh's daughter has a history of mental illness or special educational needs does not alter this conclusion.  Notwithstanding the fact that New York affords a free public education to anyone under the age of twenty-one who has not received a high school diploma, *see* N.Y. Ed. Law § 3202, a "minor" or "infant" is defined in the Education Law as a person under the age of eighteen.  N.Y. Ed. Law § 2(18).

Cir. 2002) quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). In *Iannaccone*,

the Second Circuit held that the executor of an estate could not maintain an action on

behalf of the estate seeking damages for the alleged conversion of estate assets.

*Iannaccone*, 142 F.3d at 559. In a similar context, the Second Circuit held that a

"non-attorney parent must be represented by counsel in bringing an action on behalf of

his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61

(2d Cir. 1990); *see Wenger v. Canastota Central School District*, 146 F.3d 123, 124 (2d

Cir.), *cert. denied*, 526 U.S. 1025 (1999).[6] Consequently, even assuming, *arguendo*,

that Marsh is the legal representative of ZML, Marsh may not maintain this action on

behalf of ZML unless counsel is obtained to represent her.

Because Marsh is not a proper plaintiff in this action and because she may not

maintain this action *pro se* on behalf of ZML, the complaint must be dismissed. Should

an amended complaint be filed in this action, as discussed more fully below, ZML must

appear on her own behalf or through counsel.[7]

**B.    Dismissal of certain defendants**

Upon review, the Court finds that the complaint fails to state a claim upon which

relief may be granted against several of the individuals and entities named as

defendants. For the reasons set forth below, these defendants are dismissed from this

---

[6] The Second Circuit has recognized a limited right of parents to maintain social security appeals in federal court on behalf of their minor children. *Machadio*, 276 F.3d at 107. *See also Myers v. Loudoun County Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005) ("We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court.")

[7] Any amended complaint must also be accompanied either by the statutory filing fee or a completed *in forma pauperis* application from ZML.

action.  Defendants dismissed with prejudice shall not be named as defendants in any

amended complaint filed herein.

### 1.  Albany County Supreme Court Judge Joseph C. Teresi

The law in this Circuit clearly provides that "[j]udges enjoy absolute immunity

from personal liability under Section 1983 for 'acts committed within their judicial

jurisdiction.'"  *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson v. Ray*,

386 U.S. 547 (1967)).  "The absolute immunity of a judge applies however erroneous

the act may have been, and however injurious in its consequences it may have proved

to the plaintiff."  *Young*, 41 F.3d at 51 (internal quotations omitted).  It is apparent that

the claims against Albany County Judge Teresi arise solely out of the performance of

his judicial duties.  This defendant is therefore absolutely immune from liability under

section 1983 and is dismissed with prejudice.

### 2.  District Attorney Soares and ADAs Andrews and Rudnick

The complaint names the Albany County District Attorney and two Assistant

District Attorneys as defendants, and sets forth claims that these individuals engaged in

acts of prosecutorial misconduct during criminal proceedings involving ZML.  Dkt. No. 1

at 4.  "Prosecutors are absolutely immune from liability under § 1983 for their conduct in

initiating a prosecution and in presenting the State's case."  *Pinaud v. County of Suffolk*,

52 F.3d 1139, 1147 (2d Cir. 1995) (internal quotations and citations omitted); *see Dory

v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts,

regardless of motivation, associated with the prosecutor's function, including

conspiracies to present false evidence); *Myrick v. Keane*, No. 96-CV-1360, slip op. at 2

(N.D.N.Y. Apr. 14, 1997) (Pooler, J.).  This immunity also applies to individual district

6

attorneys arising out of acts "within the scope of their duties in initiating and pursuing criminal prosecution."  *Id.* (internal quotations and citations omitted).

The Court finds that defendants David Soares, Bill Andrews and Tiffany Rudnick are immune from the claims asserted in the complaint regarding their conduct during ZML's criminal proceedings and dismisses them as defendants in this action, with prejudice.

### 3.  Public Defender Devine and Assistant Public Defenders Mansion, Coughtry, Dawson, Carpinello and Girard

Also named as defendants are the Albany County Public Defender and five attorneys employed in that office as Assistant Public Defenders.  These individuals allegedly failed to take proper account of ZML's mental health issues and educational needs in the course of their representation of ZML.

It is well-settled that parties may not be held liable under section 1983 unless it can be established that they have acted under the color of state law.  *See, e.g.*, *Rounseville v. Zah*l, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 92-Civ-4288, 1992 WL 380914, *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted).  State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted)).

"It is well settled that an attorney's representation of a party to a court proceeding does not satisfy the Section 1983 requirement that the defendant is alleged to have acted under color of state law...."  *Myers*, 1995 WL 236245, *2 (quoting *Wise*, 1992 WL

7

380914, *1).  It has been specifically held that a public defender does not act under color of state law by virtue of his or her service as a court-appointed attorney or on the basis of an employment relationship with state.  *See Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979) (*per curiam*); *Smith v. City of New York*, 950 F.Supp. 55, 57 (E.D.N.Y. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981)).

Accordingly, the complaint fails to state a claim against defendants Devine, Mansion, Coughtry, Dawson, Carpinello and Girard and is hereby dismissed as against these defendants.

### 4.  Municipal defendants

The complaint names several municipal entities as defendants in this action.  Dkt. No. 1.  In order to establish liability of a municipality for violation of civil or constitutional rights, a plaintiff must allege that the municipality "has adopted a 'custom' or 'policy' which is the 'moving force' behind [the violation]."  *Zappala v. Albicelli*, 980 F. Supp. 635, 639 (N.D.N.Y. 1997) (Scullin, J.) (citing *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 689 (1978)) (other citations omitted).  A municipality may not be held liable on the basis of respondeat superior alone.  In other words, municipal liability under 42 U. S. C. §1983 "may not be founded solely on a municipality's employment of a tortfeasor."  *Campanaro v. City of Rome,* 999 F. Supp. 277, 281 (N.D.N.Y. 1998) (Scullin, D.J.).

The complaint, as drafted, does not contain allegations sufficient to establish liability under section 1983 against any of the municipal entities named as defendants, and is hereby dismissed as against them.

8

### III. Conclusion

In sum, the complaint as drafted, fails to state a claim upon which relief can be granted and is therefore dismissed.  In light of Marsh's *pro se* status, the Court will allow an opportunity to file an amended complaint.  Any amended complaint must  allege specific facts demonstrating that a case or controversy exists between the plaintiff(s) and one or more defendants named in the amended complaint which plaintiff has a legal right to pursue and over which this Court has jurisdiction.  The amended complaint must be brought by ZML in her own right, or the duly appointed representative of ZML who must appear through, or seek the appointment of, counsel.  Individuals dismissed as defendants in this action, with prejudice, shall not be named as defendants in any amended complaint.

If no amended complaint is filed **within thirty (30) days** from the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court.

WHEREFORE, for the reasons the forth above, it is hereby

ORDERED, that Joseph C. Teresi, David Soares, Bill Andrews and Tiffany Rudnick are dismissed, with prejudice, as defendants in this action, and it is further

ORDERED, that the complaint is dismissed, with leave to file an amended complaint **within thirty (30) days** from the filing date of this Decision and Order.  The amended complaint must be brought by ZML in her own right, or by the duly appointed representative of ZML who must appear through, or seek the appointment of, counsel. Individuals dismissed as defendants in this action, with prejudice, shall not be named as defendants in any amended complaint, and it is further

9

ORDERED, that any amended complaint be accompanied by the statutory filing fee or a completed *in forma pauperis* application from ZML, and it is further

ORDERED, that if no amended complaint is filed **within thirty (30) days** from the filing date of this Decision and Order, the Clerk enter judgment dismissing this action without further order of this Court, and it is further

ORDERED, that upon the filing of an amended complaint, the file be returned to the Court for further review, and it is further

ORDERED, that the *in forma pauperis* application filed by Marsh (Dkt. No. 2) is denied as moot, and it is further

ORDERED, that in view of this Court's findings on the insufficiency and/or deficiency of the complaint herein, Marsh is directed ***not*** to file any other motion until an amended complaint has been submitted to the Court and approved for filing, and it is further

ORDERED, that the Clerk serve a copy of this Order on Marsh.

IT IS SO ORDERED.

Dated:     October 17, 2005
           Albany, New York

Gary L. Sharpe
U.S. District Judge